Ms. Marquitta J. Corbin Operation Colors 255 Great Falls Drive Conway, AR 72032
Dear Ms. Corbin:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed constitutional amendment:
Popular Name
 AN AMENDMENT CONCERNING SALE OF SLAVE PARAPHERNALIA FOR PROFIT
 Ballot Title
 A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT SLAVE PARAPHERNALIA SHOULD NOT BE SOLD FOR PROFIT; THAT ANY AND ALL SLAVE ITEMS SHOULD BE LEGALLY CONSIDERED APART OF HUMAN SUFFERING, AND THE REMEMBERANCE OF THE SEPARATION OF THE SLAVE FAMILY. IT SHOULD BE RECOGNIZED IN ARKANSAS AS DEGRADING AND STEREO TYPING; AND THAT THE LEGISLATURE HAS THE POWER TO PROPOSE THAT ANY SALE OF SLAVE ITEMS IS STILL CONSIDERED A CRIME AGAINST HUMANITY, IT REPRESENTS A TIME WHEN SLAVES WERE CONSIDERED AS NOT HUMAN AND SECOND CLASS CITIZENS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law in this regard requires that the sponsor of such a petition "shall submit the originaldraft to the Attorney General, with a proposed . . . ballot title and popular name." Id. at subsection (a) (emphasis added). The ballot title and popular name are therefore distinct from the draft, i.e., the text of the measure.
Although the ballot title and popular name that you have submitted are properly within the scope of this law, I note that the submitted material did not include the original draft of your proposed constitutional amendment. Please be advised that if it is your intent for the text to be identical to the ballot title, it is nevertheless necessary to submit an original draft of the amendment itself. The purpose of my review is to determine, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, whether the proposed popular name and ballot title accurately and impartially summarize the provisions of the amendment. I cannot perform this duty without having the text of the measure.
I must for this reason reject your submission.
In an effort to assist and clarify the process, I will note that if you intend for the text of the amendment to be the same as the ballot title, I anticipate several ambiguities standing in the way of certification. As indicated above, the purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The ballot title must include an impartial summary of the amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v.McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finnv. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990). A ballot title must also convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994).
Applying these precepts, I note several potential ambiguities which, if not clarified by the measure's text, will likely prevent certification. As an initial matter, this ballot title suggests that the proposed amendment makes a policy statement concerning the sale of "slave paraphernalia" or "slave items," perhaps leaving to the legislature the authority and discretion to establish any laws in this regard. This follows from the use of the word "should" throughout, and the statement that "the Legislature has the power to propose that any sale° is still considered . . . crime. . . ." If the intent instead is to compel any change in law, either through the amendment itself or through legislative action, this should be made clear for the voter.
Additionally, I note the following:
 • The terms "slave paraphernalia" and "slave items," if undefined, will generate ambiguities because they have no clearly established meaning in the law;
 • Similarly, the absence of a definition of "for profit" will be problematic, particularly in light of possible criminal penalties;
 • The meaning of the term "apart" is unclear. If this is simply a typographical error, it should be corrected to avoid confusion;
 • The subject of the term "It" in the second full sentence is unclear. This could refer to "slave paraphernalia"/" slave items," or the act of selling such items, or perhaps slavery itself.
 • The reference to "any sale," when addressing the Legislature's power, is unclear. If this is intended to refer to any sale for profit (however that is defined), the text should be clear so as to avoid ambiguity;
 • The phrase "still considered a crime against humanity" is ambiguous. This implies that there are laws currently in place to prohibit the "sale of slave items" as contemplated by the proposed amendment, whereas ordinarily, the term" crime against humanity" applies in the international law context. If this language is used in the text of the measure, it should be clarified for the voter.
Other additions or changes to the ballot title may be necessary in order to more fully and correctly summarize your proposal. I will of course be pleased to perform my statutory duties in a timely manner after you have submitted the original draft along with a proposed ballot title and popular name.
Sincerely,
MIKE BEEBE Attorney General